## Baltimore & Ohio Southwestern Railroad Company v. Harvey A. Friend.

1. PEREMPTORY INSTRUCTION—*when, should be given.* A peremptory instruction to find the defendant not guilty should be given in an action on the case for personal injuries where there is no evidence tending to establish any charges of negligence made in the declaration, and the doctrine of *res ipsa loquitur* is not applicable.

Action on the case for personal injuries. Appeal from the Circuit Court of St. Clair County; the Hon. ROBERT D. W. HOLDER, Judge, presiding. Heard in this court at the August term, 1904. Reversed with finding of facts. Opinion filed March 17, 1905.

KRAMER, KRAMER & SHAEFFER, for appellant; ED-WARD BARTON, of counsel.

W. F. BUNDY and FRANK F. NOLEMAN, for appellee.

MR. JUSTICE MYERS delivered the opinion of the court.

Harvey A. Friend, appellee, brought suit in the Circuit Court of St. Clair county against the Baltimore and Ohio Southwestern Railroad Company, to recover damages for injuries received by the derailment of an engine upon which he was riding in the capacity of apprentice fireman for appellant. The accident happened on Sunday evening, March 1, 1903, about nine o'clock. At that time the appellant company owned and operated a railroad extending from East St. Louis to Vincennes, Indiana, and eastward. Near the railroad between the stations of O'Fallon and Lebanon, is a coal mine known as Bennett's mine. There is a switch track leading from appellant's main track in a northeasterly direction to Bennett's mine, a distance of about one-fourth of a mile. Where the switch track leaves the main track there is a switch-stand on the south side of the main track. The switch is operated by a lever two feet long, with a heavy iron ball on one end. The switch is opened and closed by throwing the lever over from east to west, and *vice versa*. There is a ratchet on each side into which the lever falls and by which it is held down until the switch is unlocked. When the lever is in the ratchet on the east side the switch is closed, that is, cars from the west will pass on the main line east past the switch points. When the lever is in the ratchet on the west side the switch is open, that is, cars from the west, when they reach the switch points, will pass on to the switch-track and leave the main line. This switch is commonly known as the Bennett's mine switch. The switch was locked and the lever held in the ratchet by means of a large padlock, such as are in general use for that purpose. At the top of the switch-stand appellant maintained a switch light so arranged that when the switch was closed a green light displayed to the east and west and a red light to the north and south; and

when the switch was open the green light shone north and south and the red light east and west.

A short time previous to the day he was injured, appellee, a young man twenty-one years of age, desiring employment as locomotive fireman, secured from appellant's engine foreman a permit to ride on freight locomotive engines for the purpose of learning the duties of fireman. Under the permit given he rode from Washington, Indiana, to East St. Louis, on one of appellant's engines; and started on the return trip east on the engine of train No. 98, a fast freight, which left East St. Louis about eight o'clock P. M., March 1, 1903. This train was derailed and wrecked at Bennett's mine switch about 9 o'clock the same evening. At the time of the wreck appellee was standing in the gangway behind the engineer. The engine turned over and appellee fell out on the north side of the track receiving the injuries complained of.

The declaration contains three counts. In the first count it is alleged that defendant "carelessly and negligently suffered and permitted its switch, track and road-bed to become and remain in an unsafe condition and permitted said switch to be unfastened and partially opened;" in the second count, that defendant negligently suffered and permitted the switch to be and remain out of repair, and the rails and switch points belonging thereto to be worn and battered, and said switch points to be partially open; and in the third count, that defendant negligently suffered and permitted the switch to be out of repair and to be open, and did not leave the rods and connections between the switch in such condition that the light on the switch would show the danger signal to the engineer. The defendant pleaded not guilty. From the undisputed evidence it clearly appears that on examination of the condition of the switch immediately following the wreck it was found that the switch was unlocked; that the lever by which it was operated was out of the latch and standing upright, leaning towards the west, and that the switch was partly opened, sufficiently to catch the wheel of the engine and throw it

from the track. The last time the switch was opened and used by appellant's servants was about 7:30 o'clock in the morning of the day of the wreck, when extra train No. 1575, going east, pushed some empty cars over the switch for the Bennett mine, then backed out and proceeded east on the main line. Cottingham, a brakeman for this train, testifies that he closed the switch, let the lever down on the tie and locked it, pulling the chain attached to the lock to see that it was locked; and that the train then passed east on the main track beyond the switch connection. During the day three other trains going east and eight going west passed over this switch, and it appears that none of the crew of any of the trains observed anything wrong with the switch. To the partially open condition of the switch found after the wreck must be attributed the derailment of the engine and train and the consequent injury to appellee.

At the close of all the evidence the defendant moved the court to instruct the jury to find for the defendant. This motion was denied and the instruction refused. We are of opinion the instruction should have been given. There is no evidence in proof of defendant's negligence as alleged in the declaration. It is not claimed by appellee that the doctrine of *res ipsa loquitur* may be invoked. Appellee was an employee, a servant, of appellant. He was on the engine by his own request and by permission of appellant to learn the duties of fireman. Appellant owed him the same duty that it owed to the fireman receiving wages, no more, no less. To sustain an action for injuries caused by negligence of the defendant, the plaintiff must prove the negligence. It may not be inferred from the mere happening of the accident, certainly not in this case, where it is purely a matter of surmise or conjecture as to who opened the switch, and where no facts or circumstances appear in evidence from which it may reasonably and fairly be inferred, that the opened switch which caused the wreck was due to the negligent act or omission of defendant's servants. Respecting the evidence which it is claimed tends

to prove the allegation in the second count, that the switch
points were worn and battered, we do not find that any
witness testifies to a defective condition of the switch
points prior to the wreck or that appellant had notice of
such defective condition, or any fact or circumstances upon
which liability may be imputed. The judgment of the Cir-
cuit Court will therefore be reversed with a finding of
facts.

*Reversed, with finding of facts.*

We find as ultimate facts to be incorporated in the judg-
ment of the court, that the appellant was not guilty of the
negligence alleged in the declaration, and that the injury
complained of was not caused by the negligence of appellant.